IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WAYNE A. JOHNAKIN, : CIVIL ACTION NO. **1:CV-10-0604**
:
    Plaintiff : (Judge Caldwell)
:
    v. : (Magistrate Judge Blewitt)
:
EDWARD RENDELL, :
PA GOVERNOR , et al., :
:
    Defendants :

## REPORT AND RECOMMENDATION

**I. Background.**

On March 18, 2010, Plaintiff, Wayne A. Johnakin, an inmate at the State Correctional Institution at Waymart, Waymart, Pennsylvania, filed, *pro se*, the instant civil rights action, pursuant to 42 U.S.C. § 1983. (Doc. 1).[1] Plaintiff names the following four (4) Defendants: Edward Rendell, Pennsylvania Governor; Joseph P. Braig, former Judge of Philadelphia County Court of Common Pleas; and Thomas Corbett, Pennsylvania Attorney General. (Doc. 1, pp. 2-3).[2] Plaintiff had two

---

[1] Plaintiff's Complaint is a form civil rights complaint along with four additional typed pages detailing the statement of claim section. Plaintiff's Complaint begins on page 2, and he has attached his typed pages 3-A, 3-B, 4-A and 4-B as his additional pages. (Doc. 1, pp. 2-4 and Doc. 1, pp. 3-A to 4-B).

[2] Venue in the Middle District of Pennsylvania is proper with respect to Plaintiff's Eighth Amendment claim that he is being confined in prison beyond the time imposed by his valid sentence to serve and with respect to his request for monetary damages for his excessive confinement claim since Plaintiff is incarcerated in this District. Also, this Court has jurisdiction over Plaintiff's § 1983 civil rights action and his stated Eighth Amendment claim under 28 U.S.C. § 1331 and § 1343. However, as indicated below, to the extent that Plaintiff challenges his present confinement as being due to an illegal and invalid sentence, he must file a petition for writ of habeas corpus under 28 U.S.C. § 2254 with the U.S. District Court for the Eastern District of Pennsylvania.

separate sentences imposed in 1978 by the Philadelphia County Court of Common Pleas, one 1978 sentence of 22 ½ to 45 years imposed by Defendant Braig for involuntary deviate sexual intercourse and possession of a weapon, and one 1978 sentence for unrelated charges to a consecutive prison term of 10 to 20 years imposed Judge Shoyer. Plaintiff alleges that he is presently being incarcerated beyond the time he was sentenced to serve in his valid sentence imposed by Judge Shoyer, and that his continued incarceration is due to his invalid sentence which was imposed by former Judge Braig. Plaintiff avers that in 1989, Defendant Braig was convicted of accepting bribes in a federal corruption prosecution involving 18 judges of the Philadelphia County Court of Common Pleas, and he cites to *U.S. v. Braig*, Crim No. 88-488-1, E.D. PA., and to 554 A. 2d 493 (1989).

As discussed below, insofar as Plaintiff indicates that his action is challenging his current incarceration at SCI-Waymart based on his claim that he is now serving "an invalid sentence pronounced by a corrupt Judge [Defendant Braig]," he must file a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the Eastern District of Pennsylvania District Court. (Doc. 1, p. 3-B).[3] However, we construe Plaintiff's Complaint as a § 1983 civil rights action alleging a violation of his Eighth Amendment rights, and not as a § 2254 habeas corpus petition, to the extent Plaintiff alleges that he is being confined in prison beyond the term of his valid sentence and he seeks money damages for this alleged violation. Specifically, Plaintiff states that he seeks money

---

[3]Plaintiff indicates that his 10 to 20 year, 1978 Philadelphia County sentence imposed by Judge Shoyer was valid.

2

damages as relief for alleged violation of his constitutional rights, namely, his rights under the Eighth Amendment, in the amount of "$1,000,000.00 per year for all years [he] served in prison beyond the 20 years maximum valid sentence imposed [on him] by Judge Shoyer ... ."  (Doc. 1, p. 4-A).[4] Thus, Plaintiff's Complaint seeks money damages in the total amount of $12 million, and Plaintiff indicates that due to his unconstitutional incarceration beyond the term of his valid sentence, he was caused financial harm.  (*Id*., p. 4).[5]

Plaintiff has not paid the filing fee.  Plaintiff filed a Motion to Proceed *in forma pauperis* on March 18, 2010.  (Doc. 2).  Summons has not been yet been issued since we must screen Plaintiff's Complaint prior to directing service of it on Defendants in light of his *in forma pauperis* motion.[6]

## II. PLRA.

The Prison Litigation Reform Act of 1995,[7] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C.

---

[4] It is clear from the Complaint that Plaintiff is still in custody with respect to his 1978 Philadelphia County convictions and sentences.  Thus, he may be able to challenge Judge Braig's sentence *via* a 28 U.S.C. § 2254 habeas corpus petition in the E.D. PA. if it is deemed timely filed under the AEDPA and if he has exhausted his claims.

[5] To the extent that Plaintiff is seeking monetary damages from all Defendants, he can only sue the state actor Defendants in their individual or personal capacities.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Meekins v. Beard*, 2007 WL 675358, *3 (M.D. Pa.); *Walker v. Beard*, 244 Fed. Appx. 439, 440-441 (3d Cir. 2007); *Atwell v. Schweiker*, 274 Fed. Appx. 116, 118 (Non-Precedential) (3d Cir. 2007).  Plaintiff does not indicate in his pleading in what capacity(s) he is suing Defendants.

[6] The undersigned has been assigned this case for all pre-trial matters pursuant to 28 U.S.C. § 636(b)(1)(A).

[7] Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

§ 1915.[8] Specifically, § 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a
>
> claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

**III. Section 1983 Standard.**

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[9] *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa.).

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362

---

[8] The Plaintiff completed an application to proceed *in forma pauperis* and authorization to have funds deducted from his prison account. The court then issued an administrative order directing the warden to commence the withdrawal of the full filing fee due the court from the Plaintiff's prison trust fund account. (Docs. 2, 3 and 4).

[9] Plaintiff sufficiently indicated in his pleading that the individual Defendants were state actors during the relevant times of this case.

(1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id*. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id*. As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id*. Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.[10]

### IV. Motion to Dismiss Standard.

The Court in *Williams v. Hull,* 2009 WL 1586832, *2-*3 (W.D. Pa. 2009), set forth the Motion to Dismiss standard of review, as annunciated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. –, 127 S. Ct. 1955 (2007), and as refined in *Ashcroft v. Iqbal*, 129 S. Ct. 1937

---

[10]As stated above, it is well settled that personal liability under §1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See Ascenzi v. Diaz,* 2007 WL 1031516, *3 (M.D. Pa.)("supervisory personnel are only liable for the § 1983 violations of their subordinates if they knew of, participated in or acquiesced in such conduct")(citations omitted).

(2009), as follows:

> The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. *Neitzke; Scheuer v. Rhodes*, 419 U.S. 232 (1974). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, ----, --- L.Ed.2d ----, ----, 2009 WL 1361536 (May 18, 2009) (specifically applying *Twombly* analysis beyond the context of the Sherman Act). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. *Angelastro v. Prudential-Bache Securities, Inc.*, 764 F.2d 939, 944 (3d Cir.1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See *California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir.2004) citing *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir.1997). Nor must the court accept legal conclusions set forth as factual allegations. *Twombly*, 550 U.S. at 556, citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.
>
> In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." *Smith v. Sullivan*, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir.2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips*, 515 F.3d at 232, quoting *Twombly*, 550 U.S. at 556 n. 3.

See also *Kokinda v. Breiner*, 557 F. Supp. 2d 581, 588 (M.D. Pa. 2008).

The Court uses the same standard to screen a complaint under the PLRA as it does for a 12(b)(6) motion to dismiss. See *O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.); *Grayson v. Mayview State Hosp.*, 293 F. 3d 103, 110 (3d Cir. 2002); and *Sharpe v. Costello*, 2007 WL

1098964, *3 (M.D. Pa. 2007).

## V. Allegations of Plaintiff's Complaint.

As stated, Plaintiff Johnakin alleges that eleven years after Defendant Braig imposed his 1978 sentence to a prison term of 22 ½ to 45 years in prison, Braig was convicted in a federal corruption prosecution involving 18 judges of the Philadelphia County Court of Common Pleas. At the time of Defendant Braig's federal criminal prosecution in 1989, Plaintiff states that Defendant Rendell was the District Attorney of Philadelphia County and that Rendell's staff reviewed all of the cases of the convicted judges, including the cases of Defendant Braig. Plaintiff states that while some of Defendant Braig's cases were retried before new judges and some of his cases were dismissed, Plaintiff's sentence was "left undisturbed." (*Id.*, p. 3-A). Plaintiff states that despite his several attempt to overturn the 1978 sentence imposed on him by Defendant Braig, filed in both state and federal courts, he was not successful. (*Id.*).

Plaintiff further avers as follows:

> In 2000, the Petitioner was granted 'constructive' parole on Judge Braig's 22 ½ - 45 year sentence, and began receiving credit on the 10-20 year sentence imposed by Judge Shoyer, a sentence that would have **at that point** been fully discharged if the Petitioner's case had been treated as all of the other cases heard by Judge Braig and his 17 corrupt fellow Judges were.

(*Id.*, ¶ 7.) (emphasis original).

Plaintiff states in 2006, after Defendant Rendell became Pennsylvania governor, he filed an Application for Clemency with the Pennsylvania Board of Pardons. (*Id.*, p. 3-B). Plaintiff indicates that Defendant Corbett is a member of the Pennsylvania Board of Pardons. Plaintiff states that on February 18, 2010, the Board "voted not to hold a 'Public Hearing' on [his] Application and to

dismiss [it]." (*Id*.). Plaintiff avers that due to Defendant Rendell's "mistake in not recalling [his] case [and sentence by Braig] back in 1989, an oversight that cost [him] some 22 ½ years of incarceration on an invalid sentence pronounced by a corrupt judge [Defendant Braig], [he] would not see the light of day in [his] lifetime and [he] would continue to languish in prison, serving years he should not be serving." (*Id*.).

Additionally, Plaintiff avers as follows:

> The Petitioner is now 65 years old and has spent over 22 ½ of the 32 years he has been incarcerated serving an invalid sentence. Now the Petitioner is expected to serve another 10 years on Judge Shoyer's sentence, and will have to live to be nearly 100 to max out the aggregated term of the two sentences and the full term of parole on the 22 ½ - 45 year invalid sentence imposed by Judge Braig.

(*Id*., ¶ 11.).

Plaintiff concludes as follows:

> The violation of the Petitioner's right to **LIBERTY** by his being compelled to serve an invalid and illegal sentence imposed by a corrupt Judge is, in turn, robbing him of his right to **LIFE**, (as he will likely not live long enough to complete his current term of incarceration. That is why the Petitioner has filed the instant action under **42 U.S.C. §1983.**

(*Id*., ¶ 12.) (Emphasis original)

Plaintiff seeks money damages only for the time of Defendant Braig's 1989 conviction until Petitioner is released from confinement on his "current illegal and invalid sentence", *i.e.* the sentence imposed on him by Defendant Braig. Plaintiff concedes that this 10 to 20 year prison sentence imposed by Judge Shoyer was "valid."

Plaintiff states that he has named Rendell as a Defendant in this action since Rendell was District Attorney when Defendant Braig's cases were reviewed and since Rendell was Governor

when Plaintiff filed his application for pardon. Plaintiff states that Defendant Rendell failed to take any action to correct the violation of his constitutional rights on two occasions, and that Rendell is essentially making him remain "in prison beyond the 20 year maximum valid sentence imposed by Judge Shoyer." (*Id*., p. 4-A). Plaintiff states that he has sued Defendant Corbett since Corbett, as a member of the Pennsylvania Board of Pardons, discovered his illegal confinement on Braig's invalid sentence and since Corbett, as Pennsylvania Attorney Attorney General, took no action to protect his right not to be kept in prison on a sentence imposed in violation of his constitutional rights "by a corrupt judge." (*Id*., pp. 4-A and 4-B). Plaintiff states that his 1978 sentence became invalid in 1989 when Defendant Braig was convicted in the federal corruption prosecution of Philadelphia County Judges and that his constitutional rights were violated when he was made to continue to serve Braig's sentence despite the fact that it was rendered invalid due to Braig's own corruption.

In addition to monetary damages from Defendants, Plaintiff requests this Court to "order that all time served since his arrest in 1978 be credited against Judge Shoyer's valid 10-20 year sentence." (*Id*., p. 4). Plaintiff also states that since he has fully served Judge Shoyer's sentence, he "should now be released [from prison] as a result." (*Id*.). Thus, we construe Plaintiff as claiming, in part, that his continued confinement in prison is beyond the valid sentence imposed by Judge Shoyer and that requiring him to continue to serve Defendant Braig's invalid sentence is a violation of his Eighth Amendment rights.[11]

---

[11]To the extent Plaintiff is claiming his 1978 Philadelphia County sentence imposed by Defendant Braig was invalid due to Braig's federal conviction and that he should be immediately released from prison by this Court, Plaintiff cannot obtain such relief in his § 1983

Insofar as Plaintiff is seeking to challenge his 1978 Philadelphia conviction and sentence imposed by Defendant Braig, he cannot do so in this § 1983 civil rights action.[12]  Further, as noted above, Plaintiff must seek collateral relief regarding his Philadelphia County conviction and sentence imposed by Defendant Braig *via* a habeas corpus petition filed under 28 U.S.C. § 2254 in the Eastern District of Pennsylvania.  Regardless, Plaintiff's §1983 action for money damages against all Defendants is *Heck*-barred.

**V. Discussion.**

As noted, we find that Plaintiff can only request monetary damages from all Defendants in their personal capacities.  Plaintiff states that due to his continued incarceration on Defendant Braig's invalid sentence, he is being held in prison beyond the maximum valid sentence imposed

---

civil rights action.  *See Sandy v. Lehigh Co. Dist. Attorney*, 2008 WL 910001, *2 (E.D. Pa.)(inmate's request that his criminal record be expunged is not a form of relief available in a §1983 civil rights action).

Further, as discussed below, any claim of Plaintiff for money damages based on his alleged imprisonment beyond the term of his valid sentence is *Heck* barred.  *See Sandy v. Lehigh Co. Dist. Attorney*, 2008 WL 910001, *1-*2 (E.D. Pa.).

Finally, Plaintiff does not have claims against any Defendant under § 1983 for malicious prosecution and wrongful imprisonment since he admits that he was convicted and sentenced for sexual assault, and he admits that this Philadelphia County conviction and sentence imposed by Defendant Braig were not invalidated by any court (state or federal).  *See Sandy v. Lehigh Co. Dist. Attorney*, 2008 WL 910001, *1-*2 (E.D. Pa.).

[12]The Supreme Court has held that a civil rights action is a proper remedy for a prisoner who claims that his conditions of confinement violate the constitution, but is not challenging the fact or length of his custody.  *Preiser v. Rodriguez*, 411 U.S. 475, 499, 93 S. Ct. 1827 (1973). Plaintiff, insofar as he is attacking his Philadelphia County conviction and sentence imposed by Defendant Braig as unlawful, is implicating relief that will alter the term of his confinement in prison.  *See Muhammad v. Close*, 124 S.Ct. 1303, 1304 (2004 (Per Curiam); *Leamer v. Fauver*, 288 F. 3d 532, 542 (3d Cir. 2002).

by Judge Shoyer. The Court held in *Sample v. Diecks*, 885 F. 2d 1099, 1108 (3d Cir. 1989), that "the Eighth Amendment protects an inmate from being incarcerated beyond the term of his sentence." *Supples v. Burda*, 2007 WL 3165537, *1 (M.D. Pa.); *Atwell v. Lavan*, 557 F. Supp. 2d 532, 559 (M.D. Pa. 2008).

As discussed below, we will recommend that all Defendants be dismissed with prejudice from this action.[13]

With respect to Defendant Braig, a former Judge of the Philadelphia County Court of Common Pleas, this Defendant is entitled to absolute judicial immunity with respect to Plaintiff's claims for money damages based on actions this Defendant took when he was still a judge.[14] In fact, Plaintiff does not state how the 1989 federal corruption conviction of Defendant Braig in any way related to the 1978 sentence Braig imposed on him. Rather, Plaintiff merely avers that the 1978 sentence Defendant Braig imposed on him was "made invalid by [Braig's] own corruption." Significantly, Plaintiff does not state that Defendant Braig acted outside of the scope of his judicial capacity or of his jurisdiction when he sentenced Plaintiff in 1978, eleven years before Braig's conviction.

---

[13]We will recommend that all of Plaintiff 's claims against all three Defendants be dismissed with prejudice since we find that leave to amend his claims against these Defendants would be futile. *Grayson v. Mayview State Hosp.,* 293 F. 3d 103 (3d. Cir. 2002).

[14]The only cognizable relief which we deem Plaintiff as seeking from all Defendants is for money damages. As noted above, Plaintiff cannot seek as relief to have this Court to basically expunge his 1978 Philadelphia County conviction and sentence imposed by Defendant Braig, which sentence he is now serving, and which was not invalidated by any court.

Thus, based on *Stankowski v. Farley*, 487 F. Supp. 2d 543 (M.D. Pa. 2007), we find that Defendant former Judge Braig is entitled to absolute judicial immunity with respect to Plaintiff's request for monetary damages as against him. Indeed, we find that Plaintiff's present claim for monetary damages against Defendant Braig based on his performance of his judicial duties, eleven years before Braig's federal corruption conviction, is precluded by absolute judicial immunity. *See Stankowski v. Farley*, 487 F. Supp. 2d 543 (M.D. Pa. 2007).

In *Kalomiris v. Monroe County Syndicate*, 2009 WL 73785, *7 (M.D. Pa.), the Court stated:

> Judges receive absolute immunity for acts performed when discharging judicial duties. *See Figueroa v. Blackburn,* 208 F.3d 435, 440 (3d Cir.2000). A litigant may overcome the immunity only in two circumstances. First, a judge receives no immunity for acts performed outside of his or her judicial capacity. *Mireles v. Waco,* 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). Second, a judge is not immune from liability for actions that "though judicial in nature, [are] taken in the complete absence of all jurisdiction." *Id.* at 12. Immunity extends to all federal and state judges regardless of whether they exercise general or limited jurisdiction. *See Figueroa,* 208 F.3d at 443-44 ("Irrespective of a judge's status in the hierarchy of the judicial system, the need for independence and for freedom from the threat of a suit for damages is an indispensable ingredient in the proper administration of justice."); *Maher v. Renninger,* No. Civ.A. 07-2979, 2008 WL 1995046, at *4 (E.D. Pa. May 7, 2008).

As discussed above, Plaintiff's claims against Defendant Braig clearly arise from actions he performed while discharging his judicial duties (*i.e.* sentencing Plaintiff in 1978), and his alleged action was taken within his jurisdiction and when he was still a judge. The decision of Defendant Braig as to the amount of time Plaintiff would have to serve in prison for his sexual assault conviction, a conviction Plaintiff does not challenge in his Complaint, "plainly assert claims associated with the judicial Defendants' performance of their official functions within the exercise of their jurisdiction." *Id.* Thus, we will recommend that Defendant Braig be dismissed from this

12

action with prejudice since he is entitled to absolute judicial immunity with respect to all of Plaintiff's civil rights claims against him.[15]

Insofar as Plaintiff claims that his present incarceration on the "invalid" sentence imposed on him in 1978 by Defendant Braig in Philadelphia County with respect to his sexual assault conviction is unconstitutional, and that he should now be released from prison since he has fully served his valid 1978 sentence imposed by Judge Shoyer, Plaintiff is *Heck*-barred from receiving damages for such claims which would necessarily imply that his 1978 sexual assault conviction and sentence were unlawful.

In *Kalomiris v. Monroe County Syndicate*, 2009 WL 73785, *8, the Court stated:

> In *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court announced the "favorable-termination rule," which forecloses certain § 1983 actions for plaintiffs who have been convicted of criminal charges. In *Heck,* the Supreme Court stated:
>
>> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.... A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.
>
> *Id.* at 486-87; *see also Hunt v. City of Scranton,* No. 06-4381, 2007 WL 1624099, *2-3 (3d Cir. June 6, 2007).

---

[15]We will recommend that all of Plaintiff's claims against Defendant Braig be dismissed with prejudice since leave to amend his claims against this former judicial Defendant would be futile based on absolute immunity. *See Kalomiris v. Monroe County Syndicate*, 2009 WL 73785, *7.

The final termination rule bars those § 1983 claims that have the effect of impugning the underlying criminal conviction. Hence, a civil rights plaintiff cannot maintain a claim for malicious prosecution predicated upon a charge for which he has pled guilty because "an award of damages [for malicious prosecution] would necessarily imply that ... [the] conviction and sentence were unlawful." *Marable v. W. Pottsgrove Twp.,* 176 F. App'x 275, 281 (3d Cir.2006); *see also Kadonsky v. New Jersey,* 188 F. App'x. 81, 85 (3d Cir.2006). *Heck* does not restrict civil rights claims that have no collateral effect on the underlying criminal conviction.

In *Biddings v. Dobbin*, 2010 WL 468062, *3 (W. D. Pa.), the Court stated:

> In order to succeed on his claim, this Court necessarily must conclude that Plaintiff's criminal conviction is unlawful because it was based on an illegal traffic stop. To the extent that he still is serving any portion of that sentence and is seeking immediate release from prison because of Defendants' actions, he is precluded from seeking such relief through a civil rights complaint because, under *Preiser,* a federal habeas corpus petition is his only available avenue for immediate release. To the extent that Plaintiff is seeking monetary damages for the length of time he has been "unlawfully incarcerated," he is precluded from seeking such relief under the Supreme Court's pronouncement in *Heck* because a judgment in his favor necessarily would implicate the validity of his conviction. As such, Plaintiff's section 1983 claim is not cognizable. *Heck,* 512 U.S. at 486. *See also Mitchell v. Department of Corrections,* 272 F.Supp.2d 464, 473 (M.D.Pa.2003) (holding that the favorable termination rule of *Heck,* under which a state inmate must secure a determination of invalidity of his conviction or sentence before seeking § 1983 damages for unconstitutional conviction or confinement, applies to suits by prisoners who no longer are in custody, even though federal habeas relief no longer is available due to the prisoner's release).
>
> Here, Plaintiff has not demonstrated that he successfully has challenged his 2009 conviction. Accordingly, he cannot pursue his claim that Defendants violated his constitutional rights in this civil rights action until he can show that his conviction is legally invalidated through a writ of habeas corpus or other available means. *Accord Randell v. Johnson,* 227 F.3d 300, 301 (5th Cir.2000) (affirming dismissal of complaint for failure to state a claim of former inmate seeking damages pursuant to § 1983 for unconstitutional imprisonment because he had not satisfied the favorable termination requirement of *Heck* ), *cert. denied,* 532 U.S. 971, 121 S.Ct. 1601, 149 L.Ed.2d 468 (2001).

We find that Plaintiff's claims in this case against all three Defendants have a collateral effect on his underlying 1978 sexual assault criminal conviction and sentence. Thus, any claim for damages by Plaintiff which would impugn the validity of his 1978 conviction and sentence imposed by Defendant Braig in Philadelphia County regarding his sexual assault conviction is precluded by *Heck*. *See Washam v. Stesis*, 321 Fed. Appx. 104, 105 (3d Cir. 2009); *Biddings v. Dobbin*, 2010 WL 468062, *3. Plaintiff alleges that his sentence of 22 ½ to 45 years imposed by Defendant Braig was automatically invalidated solely due to Braig's federal conviction 11 years later. This allegation is clearly not sufficient for purposes of determining if Plaintiff's present §1983 action is *Heck*-barred. Rather, Plaintiff's sentence imposed by Defendant Braig must have been invalidated by a court in order to overcome the *Heck* bar to his present action. Plaintiff readily admits that the sexual assault sentence Defendant Braig imposed on him was not invalidated by any court despite his repeated attempts to have this sentence overturned in both state and federal courts after Braig's conviction. (Doc. 1, p. 3-A, ¶ 5.).

Accordingly, we will recommend that all of Plaintiff's claims against all four Defendants be dismissed with prejudice.[16]

---

[16] As discussed above, we find futility of any amendment with respect to all of Plaintiff's claims.

## VII. Recommendation.

Based on the foregoing, it is respectfully recommended that all of Plaintiff's claims against Defendants Rendell, Braig, and Corbett be dismissed with prejudice.[17] It is also recommended that Plaintiff's *in forma pauperis* Motion (Doc. 2) be granted solely for purposes of filing this action. Finally, it is recommended that this case be closed.


                                  **s/ Thomas M. Blewitt**
                                  **THOMAS M. BLEWITT**
                                  **United States Magistrate Judge**

**Dated: March 26, 2010**

---

[17] Pursuant to our above discussion, we find futility of any amendment of Plaintiff's stated federal claims against the three Defendants, and we shall not recommend Plaintiff be granted leave to amend his pleading with respect to these claims. *See Forman v. Davis*, 371 U.S. 178, 182 (1982); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted); *Alston v. Parker*, 363 F. 3d 229, 235 (3d Cir. 2004); *Conway v. King Pharmaceuticals, Inc*., 2008 WL 4128088, *2 (M.D. Pa.).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WAYNE A. JOHNAKIN, | : | CIVIL ACTION NO. **1:CV-10-0604** |
| Plaintiff | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| EDWARD RENDELL, PA GOVERNOR , et al., | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **March 26 2010.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                         s/ Thomas M. Blewitt
                                         **THOMAS M. BLEWITT**
                                         **United States Magistrate Judge**

**Dated: March 26, 2010**